PER CURIAM.
We reverse and remand the summary denial of Stacy’s motion for postconviction relief for the attachment of portions of the record that conclusively refute his claims of involuntary plea and ineffective assistance of counsel, or for an evidentiary hearing.
Just as in Robinson v. State, 792 So.2d 632 (Fla. 4th DCA 2001), the portions of the record supporting the summary denial reflect an ambiguity in connection with what was represented to be Stacy’s maximum sentence, in that the plea form which he signed was an outdated form which did not detail sentencing under the Criminal Punishment Code, but referred instead to the sentencing guidelines which were not applicable to his offense. In one paragraph, the form indicated that the judge could sentence him to up to the maximum prison months computed under the sentencing guidelines; in another, it stated that his maximum possible penalty was fifteen years (the statutory maximum for his offense). Although Stacy represented at the plea colloquy that he read and understood the form, there was no clarification of how his maximum possible sentence had been calculated, and thus his claim that counsel misadvised him that he could be sentenced to no more than sixteen months (under the guidelines) has not been conclusively refuted.
We note that the trial court denied the same motion in two different orders, as to two cases which were consolidated for plea and sentencing. The order summarily denying the motion as to L.T. case no. 99-1 has already been affirmed in this court’s case no. 4D02-1357. See Stacy v. State, 829 So.2d 231 (Fla. 4th DCA 2002) (Table). We hereby vacate that affirmance and likewise reverse and remand the summary denial in that case, on the same basis as we do in this case.
GUNTHER, GROSS and TAYLOR, JJ., concur.